# EXHIBIT A
# SETTLEMENT AGREEMENT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER BLANKENSHIP, *on behalf of himself and all others similarly situated*,<br>Plaintiff,<br>v.<br>LEONARD'S EXPRESS, INC.<br>Defendant. | Case No. 1:24-cv-00618-JLS |

**SETTLEMENT AGREEMENT**

This Settlement Agreement, dated as of this 7th day of February, 2025, is made and entered into by and among the following Settling Parties (as defined below): (i) Tyler Blankenship ("Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through his counsel of record The Kantor Gullo Law Firm, PLLC and Ellzey Kherkher Sanford Montgomery, LLP ("Plaintiff's Counsel"); and (ii) Leonard's Express, Inc. ("Defendant" or "Leonard's Express," and together with Plaintiff, the "Settling Parties"), by and through its counsel of record, Baker & Hostetler LLP. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I. THE LITIGATION

Plaintiff Tyler Blankenship, on behalf of himself and others similarly situated, alleges that on or around November 30, 2023, an unauthorized actor intentionally targeted and gained access to Leonard's Express's network, and obtained unauthorized access to Leonard's Express's files (the "Incident"). [Compl., ¶¶ 1-3]. Plaintiff further alleges that the personally identifiable information of approximately 6,540 individuals was compromised in the Incident, including Social

Security numbers in combination with names, addresses, dates of birth, health insurance information, and usernames/passwords. [*Id.* at ¶¶ 2-3]. Plaintiff alleges that Leonard's Express notified him around June 17, 2024. [*Id.* at ¶ 17]. Plaintiff alleges that, following the Incident, he experienced an increased risk of his information being "dumped on the black market" coupled with a heightened sense of anxiety. [*Id.* at ¶¶ 70, 101]. As a result of the Incident, Plaintiff alleges having to monitor his financial accounts and suffering increased risk to future phishing and related cybersecurity incidents. [*Id.* at ¶¶ 95, 98]. Following notification of the Incident, Plaintiff brought suit against Leonard's Express relating to the Incident, resulting in the present action (the "Litigation") in the Western District of New York, Case No. 1:24-cv-00618-JLS.

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Leonard's Express and the Released Persons (as defined below) relating to the Incident, by and on behalf of Plaintiff and Settlement Class Members (as defined below), and any other such actions by and on behalf of any other individuals originating, or that may originate, in jurisdictions in the United States of America ("United States," as defined below) against Leonard's Express and the Released Persons relating to the Incident.

## II. CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLING

Plaintiff believes that the claims asserted in the Litigation, as set forth in the Complaint, have merit. Plaintiff and Class Counsel (as defined below) recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Leonard's Express through further discovery, motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel are highly experienced in class-action

litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue in data-breach litigation in general and in this Litigation in particular. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III. DENIAL OF WRONGDOING AND LIABILITY

Leonard's Express denies each and all of the claims and contentions alleged against it in the Litigation. Leonard's Express denies all allegations of wrongdoing or liability that are alleged, or which could be alleged, in the Litigation. Nonetheless, Leonard's Express has concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Leonard's Express has considered the uncertainty and risks inherent in any litigation. Leonard's Express has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV. TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, individually and on behalf of the Settlement Class, Class Counsel, and Leonard's Express that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except as to those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1. Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1 "Agreement" or "Settlement Agreement" means this Agreement.

1.2 "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator (as defined below).

1.3 "Claims Administrator" means CPT Group, Inc., a company experienced in administering class action claims generally and specifically those of the type provided for and made in data-breach litigation.

1.4 "Claims Deadline" means the postmark and/or online submission deadline for Valid Claims (as defined below) pursuant to ¶ 2.2.1.

1.5 "Claim Form" means the form that the Settlement Class Members must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein. The Claim Form shall require a sworn signature or electronic verification under penalty of perjury, but shall not require notarization. The Claim Form will be substantially in a form as shown in the template attached hereto as **Exhibit C** and will be available on both the Settlement Website (as defined below) and in paper format if specifically requested by a Settlement Class Member.

1.6 "Costs of Claims Administration" mean all actual costs associated with or arising from Claims Administration.

1.7 "Court" means the United States District Court for the Western District of New York.

1.8 "Incident" means the "Data Breach" alleged in the Complaint, whereby unauthorized user(s) gained access to Leonard's Express's network, and obtained unauthorized

access to Defendant's files, including the Private Information of approximately 6,540 individuals, on or around November 30, 2023. Leonard's Express provided notification of the Incident to all potentially impacted individuals beginning in June 2024.

1.9 "Defendant" means Leonard's Express, Inc., also referred to as "Defendant" or "Leonard's Express" throughout.

1.10 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.11 herein have occurred and been met.

1.11 "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is finally approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.12 "Judgment" means a judgment rendered by the Court, substantially in the form as shown in **Exhibit E** or as otherwise entered by the Court.

1.13 "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in the template attached as **Exhibit B** hereto.

1.14 "Notice Commencement Date" means the date of the first mailing of the Short Notice (as defined herein).

1.15 "Objection Date" means the date by which Settlement Class Members' objection must be filed with the Clerk of the Court for that objection to be timely and effective.

1.16 "Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely.

1.17 "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.18 "Private Information" means, but is not limited to, individual names, Social Security numbers, financial account numbers, health care information, and any other types of personally identifiable information collected or maintained by Leonard's Express leading to notification regarding the Incident.

1.19 "Plaintiff" means Tyler Blankenship.

1.20 "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class, substantially in the form as shown in **Exhibit D** hereto or as otherwise entered by the Court.

1.21 "Settlement Class Counsel" and/or "Class Counsel" means Jarrett L. Ellzey and Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP;

1.22 "Related Parties" means Defendant Leonard's Express's respective past or present subsidiaries, divisions, and related or affiliated entities, and each of Defendant's and their respective predecessors, successors, trustees, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such

entity who is, was or could have been named as a defendant in this Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

1.23 "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect; violations of any New York and similar state consumer protection statutes, including, but not limited to, the New York General Business Law; California Consumer Privacy Act and California Unfair Competition Law; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Incident. Released Claims shall not include the right of any Settlement Class Member, Class Counsel, or any of the

Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.24 "Released Persons" means Leonard's Express and the Related Parties.

1.25 "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.26 "Settlement Class" means "All persons who were sent written notification by Leonard's Express that their Private Information was potentially compromised as a result of the Incident that occurred on or around November 30, 2023." The Settlement Class specifically excludes: (i) Leonard's Express, the Related Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

1.27 "Settlement Class Member(s)" or "Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.28 "Settlement Website" means the website described in ¶ 3.2(c).

1.29 "Settling Parties" means, collectively, Leonard's Express and Plaintiff, individually and on behalf of the Settlement Class.

1.30 "Short Notice" means the content of the mailed notice to the proposed Settlement Class Members, substantially in the form as shown in the template attached as **Exhibit A** hereto. The Short Notice will direct recipients to the Settlement Website and inform Settlement Class

Members, among other things, of the Claims Deadline, the Opt-Out Date, the Objection Date, the requested attorneys' fees, and the date of the Final Fairness Hearing (as defined below).

1.31 "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiff intends to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq*., Montana Code § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The

Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.32 "United States" as used in this Settlement Agreement includes all 50 states, the District of Columbia and all territories.

1.33 "Valid Claims" means settlement claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or dispute resolution process described in ¶ 2.5.

**2. Settlement Benefits**

2.1 Credit Monitoring. All Settlement Class Members who submit a Valid Claim using the Claim Form, including necessary supporting documentation, are eligible for one year of one bureau credit monitoring.

2.2 Expense Reimbursement.

a) *Documented Out-Of-Pocket Expenses.* All Settlement Class Members who submit a Valid Claim using the Claim Form, including necessary supporting documentation, are eligible for reimbursement of the following documented out-of-pocket expenses, not to exceed $650 per Settlement Class Member, that were incurred as a result of the Incident: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) professional fees (e.g., attorneys, credit repair professionals, IT professionals); (vii) gasoline for local travel; and/or (viii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between November

30, 2023 and the Notice Commencement Date. Settlement Class Members with Losses must submit substantial and plausible documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement for Losses, but can be considered to add clarity or support other submitted documentation and a description of how the time was spent. The total of all amounts recovered under this paragraph shall not exceed $650 per Settlement Class Member.

b) *Alternative Cash Payment.* In lieu of submitting a claim for out-of-pocket losses, Settlement Class members may submit a claim for a one-time cash payment of $29. This alternative cash payment may not be combined with a request for Credit Monitoring.

c) *Aggregate Cap.* Payment under ¶ 2.2 for Documented Out-of-Pocket Expenses and Alternative Cash Payment shall not exceed $325,000 in the aggregate. To the extent Valid Claims for Out-of-Pocket Expenses and Alternative Cash Payments exceeds $325,000 collectively for Settlement Class Members, those claims will be reduced on a pro rata basis. In no event shall the aggregate for any payments under ¶ 2.2 exceed $325,000.

2.2.1 Settlement Class Members seeking reimbursement under ¶ 2.2 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the deadline for the commencement of notice to Settlement Class Members as set forth in ¶ 3.2(d) (the "Claims Deadline"). The notice to the Settlement Class will specify this deadline and other relevant dates described herein. Failure to provide supporting documentation

for documented out-of-pocket losses, referenced above, as requested on the Claim Form, shall result in denial of a claim.

2.3 Limitation on Reimbursable Expenses. No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.4 Information Security Improvements. Upon request, Leonard's Express has agreed to provide sufficient information to demonstrate that it has implemented various security related measures. Costs associated with these information security improvements will be paid by Leonard's Express separate and apart from other settlement benefits. Upon request by Plaintiff's Counsel, Leonard's Express agrees to provide confirmatory discovery regarding changes and improvements made to protect Settlement Class Members' Private Information.

2.5 Dispute Resolution for Claims.

2.5.1 The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in ¶ 2.2; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Incident. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.,* documentation requested on the Claim Form and required documentation regarding the claimed losses. The Claims Administrator's initial review will be limited to a determination of whether the claim is complete and plausible. For any claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit

those claims to the Settling Parties (one lawyer shall be designated to fill this role for Class Counsel). If the Settling Parties do not agree with the claimant's claim, after meeting and conferring, then the claim shall be referred to a claims referee for resolution. The Settling Parties will mutually agree on the claims referee should one be required.

2.5.2 Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant twenty-one (21) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the twenty-one (21) day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the twenty-one (21) day deadline in which to comply; however, in no event shall the deadline be extended to later than six (6) months from the Effective Date. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.5.3 Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the Claims Administrator determines that such a claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and enable the Claims

Administrator to evaluate the claim, then the Claims Administrator may reject the claim without any further action. If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the claims referee.

2.5.4 If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days of the claims referee's receipt of the submitted dispute. The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days of the claims referee's receipt of the submitted dispute. The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Incident. The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable. Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within thirty (30) days of the latter of the following events: its receipt of the submitted dispute and receipt of all supplemental information requested.

2.6 Settlement Expenses. All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of dispute resolution described in ¶ 2.5, shall be paid by Leonard's Express.

2.7 Settlement Class Certification. The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated

or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3. Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1. As soon as practicable after the execution of the Settlement Agreement, Plaintiff's Counsel shall submit this Settlement Agreement to the Court as part of a motion for preliminary approval of the Settlement Agreement requesting entry of a mutually agreeable Preliminary Approval Order requesting, *inter alia:*

a) certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.7;

b) preliminary approval of the Settlement Agreement as set forth herein;

c) appointment of Jarrett L. Ellzey and Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP as Class Counsel;

d) appointment of Plaintiff as Class Representative;

e) approval of a customary form of Short Notice to be e-mailed or mailed by first-class United States Postal Service ("USPS") mail to Settlement Class Members in a form substantially similar to the template attached as **Exhibit A** hereto;

f) approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the template attached as **Exhibit B** hereto, which, together with the Short Notice, shall include a fair summary of the Settling Parties'

respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorneys' fees, and the date, time and place of the Final Fairness Hearing;

g) approval of the Claim Form to be available on the Settlement Website for submitting claims and available in .pdf format on the Settlement Website for or if specifically requested by the Settlement Class Member, in a form substantially similar to the template attached as **Exhibit C** hereto; and

h) appointment of CPT Group as the Claims Administrator.

3.2 Leonard's Express shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration. Any attorneys' fees, costs, and expenses of Plaintiff's Counsel, and any service award to the Plaintiff, as approved by the Court, shall be paid by Leonard's Express as set forth in ¶ 7 below. Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

a) *Class Member Information*: Within fourteen (14) days of entry of the Preliminary Approval Order, Leonard's Express shall provide the Claims Administrator with the name, physical address, or e-mail, if available, of each Settlement Class Member (collectively, "Class Member Information") that Leonard's Express and/or the Related Parties possess.

b) The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this

Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Agreement, or to provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c) *Settlement Website*: Prior to the dissemination of the Short Notice, the Claims Administrator shall establish the Settlement Website, that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the Complaint; (vi) Class Counsel's application for attorneys' fees and expenses and the service awards for Plaintiff; and (vii) any other materials agreed upon by the Settling Parties and/or required by the Court. The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form, and supporting documentation, electronically.

d) *Short Notice*: Within forty-five (45) days of entry of the Preliminary Approval Order and to be substantially completed not later than sixty (60) days after entry of the Preliminary Approval Order, subject to the requirements of this Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class members as follows:

- Via postcard to the email address or postal address provided to Leonard's Express and/or the Related Parties by the Settlement

Class Members. Before any physical mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the USPS National Change of Address database to update any change of address on file with the USPS within thirty (30) days of entry of the Preliminary Approval Order.

- In the event that a Short Notice is returned to the Claims Administrator by USPS because the postal address of the recipient is not valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice.
- In the event that a Short Notice is returned to the Claims Administrator by email because the email address of the recipient is not valid, the Claims Administrator shall re-send the Short Notice to the postal address on file within seven (7) days of receiving the returned Short Notice.
- In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and the Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims

Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

- As defined above, the date of the first-mailing of the Short Notice shall be deemed the "Notice Commencement Date" for purposes of calculating the opt-out and objection deadlines, and all other deadlines that flow from the notice commencement date.

e) Publishing, on or before the date of mailing the Short Notice, the Claim Form and the Long Notice on the Settlement Website as specified in the Preliminary Approval Order, and maintaining and updating the Settlement Website throughout the claim period;

f) A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement and to respond to Settlement Class Members' questions. The Claims Administrator also will provide copies of the Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request to Settlement Class Members; and

g) Contemporaneously with seeking Final approval of the settlement, Class Counsel and Leonard's Express shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

3.3 The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval. The notice program shall commence within forty-five (45) days after entry of the Preliminary Approval Order and shall be completed within sixty (60) days after entry of the Preliminary Approval Order.

3.4 Class Counsel and Leonard's Express's counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant Final approval of the settlement set forth herein.

3.5 Leonard's Express will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after this Settlement Agreement is filed with the Court.

**4. Opt-Out Procedures**

4.1 Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated email address or Post Office box established by the Claims Administrator. Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked (or dated for emails) no later than sixty (60) days after the date on which the notice program commences pursuant to ¶ 3.2(d).

4.2 All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any cash benefits of and/or be bound by the terms of this Settlement Agreement. All Persons

falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3 In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than one hundred (100) timely and valid Opt-Outs (exclusions) submitted, Leonard's Express may, by notifying Class Counsel and the Court in writing, void this Settlement Agreement. If Leonard's Express voids the Settlement Agreement pursuant to this paragraph, Leonard's Express shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and any service award and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**5. Objection Procedures**

5.1 Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection to the Court by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case

name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court and contain the case name and docket number *Blankenship v. Leonard's Express, Inc.,* Case No. 1:24-CV-00618-JLS, no later than sixty (60) days from the date on which notice program commences pursuant to ¶ 3.2(d), and served concurrently therewith upon Class Counsel, Jarrett L. Ellzey of the law firm Ellzey Kherkher Sanford Montgomery, LLP, 1105 Milford Street, Houston, Texas 77006; and counsel for Leonard's Express, Eric R. Fish of the law firm Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111. Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final order approving this Settlement Agreement, or the Judgment to be entered upon Final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6. Releases**

6.1 Upon the Effective Date, each Settlement Class Member (who has not timely and validly excluded himself or herself from the settlement), including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member (who has not timely and validly

excluded himself or herself from the settlement), including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims are asserted.

6.2 Upon the Effective Date, Leonard's Express shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel, of all claims, including, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims. Any other claims or defenses Leonard's Express may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3 Notwithstanding any term herein, neither Leonard's Express nor its Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel.

6.4 Nothing in this ¶ 6 shall preclude any action to enforce the terms of this Settlement Agreement by Plaintiff, Settlement Class Members, Class Counsel, and/or Leonard's Express.

**7. Plaintiff's Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Plaintiff**

7.1 The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or any service award to Plaintiff, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Leonard's Express would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to Plaintiff as may be ordered by the Court. Leonard's Express and Class Counsel then negotiated and agreed to the provisions described in ¶¶ 7.2 and 7.3. Leonard's Express shall pay any attorneys' fees, costs, expenses and/or any service award to Plaintiff, as provided for in ¶¶ 7.2 and 7.3 and as ordered by the Court, separate and apart from any benefits provided to Settlement Class Members and the costs of notice and Claims Administration.

7.2 Subject to Court approval, Class Counsel will file a motion for attorneys' fees, inclusive of any costs and expenses of the Litigation in an amount not to exceed $108,225, to Plaintiff's Counsel for reimbursement of costs incurred. This is an amount equal to one-third of the aggregate cap of Documented Out-of-Pocket Expenses and Alternative Cash Payment in ¶ 2.2. Class Counsel, in their sole discretion, shall allocate and distribute any amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's Counsel.

7.3 Subject to Court approval, Class Counsel will file a motion for approval of a service award in the amount of $3,000 to the named Plaintiff. Leonard's Express agrees not to contest.

7.4 If awarded by the Court, Leonard's Express shall pay the attorneys' fees, costs, expenses, and/or service award to Plaintiff, as set forth above in ¶¶ 7.2 and 7.3, within thirty (30) days after the Effective Date. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiff's Counsel and the service award to Plaintiff consistent with ¶¶ 7.2 and 7.3.

7.5 The amount(s) of any award of attorneys' fees, costs, and expenses, and the service award to Plaintiff, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Class Counsel or Plaintiff shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8. Administration of Claims**

8.1 The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.2. Class Counsel and Leonard's Express shall be given reports as to both claims and distribution and have the right to review and obtain supporting documentation to the extent necessary to resolve claims administration issues. The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth in ¶ 2.5. All claims agreed to be paid in full by Leonard's Express shall be deemed a Valid Claim.

8.2 Checks for Valid Claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3 All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein,

but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4 No Person shall have any claim against the Claims Administrator, claims referee, Leonard's Express, Released Persons, Class Counsel, Plaintiff, Plaintiff's Counsel, and/or Leonard's Express's counsel based on distributions of benefits to Settlement Class Members.

8.5 Information submitted by Settlement Class Members in connection with submitted claims under this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, claims referee, Class Counsel, and counsel for Leonard's Express.

**9. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1 The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a) the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b) Leonard's Express has not exercised its option to void the Settlement Agreement pursuant to ¶ 4.3;

c) the Court has entered the Judgment granting Final approval to the Settlement as set forth herein; and

d) the Judgment has become Final, as defined in ¶ 1.11.

9.2 If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Class Counsel and counsel for Leonard's Express mutually agree in writing to proceed with the Settlement Agreement.

9.3 Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to counsel for Leonard's Express a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4 In the event that the Settlement Agreement or the releases set forth in ¶¶ 6.1, 6.2, and 6.3 above are not approved by the Court, either preliminarily or finally, or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose; and (iii) any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service award shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Leonard's Express shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**10. Miscellaneous Provisions**

10.1 The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; (ii) agree to cooperate to the extent necessary to effectuate and implement

all terms and conditions of this Settlement Agreement; and (iii) agree to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2 The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

10.3 Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action related to the Incident that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or

reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4 The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5 The Settlement Agreement contains the entire understanding between Leonard's Express and Plaintiff regarding the payment of the Litigation and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Leonard's Express and Plaintiff in connection with the payment of the Litigation. Except as otherwise provided herein, each party shall bear its own costs. This Agreement supersedes all previous agreements made between Leonard's Express and Plaintiff. Any agreements reached between Leonard's Express, Plaintiff, and any third party, are expressly excluded from this provision.

10.6 Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7 Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8 The Settlement Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

10.9 The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. No assignment of this Settlement Agreement will be valid without the other party's prior, written permission.

10.10 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11 As used herein, "he" means "he, she, or it"; "his" means "his, hers, or its"; and "him" means "him, her, or it."

10.12 All dollar amounts are in United States dollars (USD).

10.13 Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive monetary settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance by the Claims Administrator.

10.14 If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Leonard's Express shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.2 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one

hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.15 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

[*Signature blocks on next page*]

**AGREED TO BY:**

By: */s/ Jarrett L. Ellzey*

**THE KANTOR GULLO LAW FIRM, PLLC**
Christina M. Gullo
348 Harris Hill Road, Ste. A
Williamsville, NY 14221
Telephone:716.626.0404
cgullo@kantorgullolaw.com

**EKSM LLP**
Jarrett L. Ellzey
jarrett@ellzeylaw.com
Leigh S. Montgomery
leigh@ellzeylaw.com
4200 Montrose Blvd., Ste. 200
Houston, TX 77006
Telephone:888.350.3931
Facsimile:888.276.3455

*Counsel for Plaintiff and the Putative Class*

By: */s/* [signature]

**BAKER & HOSTETLER LLP**
Eric R. Fish
Robyn M. Feldstein
45 Rockefeller Plaza
New York, NY 10111
Telephone:212.589.4200
Facsimile:212.589.4201
efish@bakerlaw.com
rfeldstein@bakerlaw.com

*Counsel for Defendant Leonard's Express*

# EXHIBIT A

# COURT APPROVED LEGAL NOTICE

*Blankenship v. Leonard's Express, Inc.*, Case No. 1:24-cv-00618-JLS (W.D.N.Y)

**If you were notified of a cybersecurity incident in or around June 17, 2024 by Leonard's Express, Inc., you may be eligible for benefits from a class action settlement.**

A proposed Settlement has been reached with Defendant Leonard's Express, Inc. ("Defendant") related to a cybersecurity incident (the "Incident"). The lawsuit, which is pending in the U.S. District Court for the Western District of New York, alleges that Defendant did not adequately protect certain personal information. Defendant denies any wrongdoing. No judgment or determination of wrongdoing has been made.

**Who is Included?** Records indicate you are included in this Settlement as a Class Member. The Class includes the U.S. residents who were notified in or around June 17, 2024, via written notice, that their personal information may have been involved in the Incident.

**What does the Settlement Provide?** The Settlement provides compensation for payment of out-of-pocket expenses related to the Incident (up to $650.00 per person) and one year of credit monitoring, or an alternative cash payment (up to $29) in lieu of other benefits; attorneys' fees and expenses; and costs of notice and administration. ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF APPROVED CLAIMS.

**How To Get Benefits:** You must submit a claim form, including any required documentation. The deadline to file a claim form is Month XX, 2024. You can easily file a claim online at **[**WEBSITE**].**You can also get a paper claim form at the website or by calling toll free 1-xxx-xxxx, and file by mail. When filing your claim use your unique Class Member ID (printed on the back of this notice).

**Your Other Options:** If you file a claim form, object to the Settlement and/or Attorneys' Fees and Expenses, or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court and you will not be able to start, continue, or be part of any other lawsuit against Defendant arising out of the Incident. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by **Month XX, 2024.** If you do not exclude yourself, you may object to the Settlement and/or Attorneys' Fees and Expenses by **Month XX, 2024.** The Court has scheduled a hearing in this case for **Month XX, 2024,** to consider whether to approve the Settlement and Attorneys' Fees and Expenses, as well as any objections. For complete information about all of your rights and options, as well as claim forms, the Long Form Notice and Settlement Agreement, visit **[**WEBSITE**]**, or call 1-xxx-xxxx.

**For more information, call toll-free [InsertPhoneNumber] or visit [InsertWebsiteLink] and read the detailed Notice.**

# EXHIBIT B

WESTERN DISTRICT OF NEW YORK
*Blankenship v. Leonard's Express, Inc.*
Case No. 1:24-cv-00618-JLS

# If you were notified of a cybersecurity incident on or around June 17, 2024, by Leonard's Express, Inc., you may be eligible for benefits from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been proposed (the "Settlement" or "Settlement Agreement") with Leonard's Express, Inc. ("Defendant") in a class action lawsuit arising out of a cybersecurity incident impacting Defendant (the "Incident"). The Settlement provides benefits as described in this notice. If you are a Settlement Class Member, there are benefits available to you from the proposed settlement. The settlement includes all persons residing in the United States who were notified in or around June 17, 2024, via written notice, that their personally identifiable information ("PII") may have been involved in the cybersecurity Incident. **The easiest way to submit a claim under the Settlement is online at [[WEBSITE]].**

The settlement provides payments and other benefits to people who submit valid claims for certain documented out-of-pocket expenses and credit monitoring services. More specifically, the settlement relief includes:

- Credit Monitoring: With this Settlement, you can submit a claim for one year of credit monitoring protection services.

- Compensation for Documented Out-of-Pocket Expenses: If you have incurred actual, unreimbursed expenses as a result of the Incident, you can make a claim for reimbursement for up to $650.00. Out-of-Pocket Expenses include: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) professional fees (e.g. attorneys, credit repair professionals, IT professionals); (vii) gasoline for local travel; and/or (viii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between November 30, 2023 and the Notice Date. You must include documentation to support that the out-of-pocket expenses were the result of the cybersecurity Incident.

- Alternative Cash Payment: In lieu of submitting a claim for out-of-pocket losses, Settlement Class members may submit a claim for a one-time cash payment of $29. This alternative cash payment may not be combined with a request for Credit Monitoring.

- Aggregate Cap: Notwithstanding the above, total payments for Documented Out-of-Pocket Expenses and Alternative Cash Payment shall not exceed $325,000 in the aggregate. To the extent valid claims for Documented Out-of-Pocket Expenses and Alternative Cash Payments exceeds $325,000 collectively, those claims will be reduced on a pro rata basis.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **File a claim for Settlement Benefits** | You must submit a claim form in order to receive any of the above-listed benefits. Your claim form must include your Unique Class Member ID found on the postcard notice sent to you or available from the Claims Administrator.<br><br>For more detailed information, see Question 9. | (90) days from date of Notice |
| **Exclude yourself from the Settlement** | You can exclude yourself from the Settlement by informing the Claims Administrator that you want to "opt-out" of the Settlement. If the Settlement becomes final, this is the only option that allows you to retain your rights to separately sue Defendant (or any Released Parties) for claims related to the cybersecurity Incident. If you opt-out, you may not make a claim for benefits under the Settlement.<br><br>For more detailed information, see Question 16. | 60 days from date of Notice |
| **Object to or comment on the Settlement** | You may object to the Settlement by writing to explain to the Court why you don't think the Settlement should be approved. If you object, you will remain a Settlement Class Member, and if the Settlement is approved, you will be eligible for the benefits of the Settlement and give up your right to sue Defendant (or any Released Parties) for claims related to the cybersecurity Incident, as described in the Settlement Agreement available on the Settlement website, [[WEBSITE]].<br><br>For more detailed information, see Question 17. | 60 days from date of Notice |
| **Do Nothing** | If you do nothing, you will not be entitled to any of the above-listed benefits. If the Settlement becomes final, you will give up your rights to sue Defendant (or any Released Parties) separately for claims relating to the cybersecurity Incident or to continue to pursue any such claims you have already filed. | |

These rights and options – **and how and when you need to exercise them** – are explained in this notice.

The Court that is presiding over this case still has to decide whether to grant final approval of the settlement. Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION......Page 5**
1. What is this notice, and why did I get it?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT?......Page 6**
5. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS......Page 6**
6. What does the Settlement provide?
7. How will the Settlement help me protect against future fraud?

**HOW DO YOU RECEIVE A BENEFIT?......Page 7**
8. How do I file a claim for Credit Monitoring, Out-of-Pocket Expenses, or Lost Time?
9. How will claims be decided?
10. When will I get my payment?

**LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT......Page 8**
11. What am I giving up as part of the Settlement?

**THE LAWYERS REPRESENTING YOU......Page 9**
12. Do I have a lawyer in this case?
13. How will the lawyers be paid?
14. Will the Settlement Class Representatives receive additional money?

**EXCLUDING YOURSELF FROM THE SETTLEMENT......Page 9**
15. How do I exclude myself from the Settlement?

**OBJECTING TO THE SETTLEMENT......Page 10**
16. How do I tell the Court that I like or do not like the Settlement Agreement?

**GETTING MORE INFORMATION......Page 12**
17. How do I get more information?

# BASIC INFORMATION

## 1. What is this notice, and why did I get it?

A Court authorized this notice to inform you how you may be affected by this proposed settlement. This notice describes the lawsuit, the general terms of the proposed settlement and what it may mean to you. This notice also explains how to participate in, or exclude yourself from, the Settlement if your information was potentially involved in the cybersecurity Incident.

For information on how to determine if you are a Settlement Class Member, and therefore eligible for benefits under this settlement, see Question 5.

## 2. What is this lawsuit about?

This lawsuit involves claims that Defendant is responsible for a cybersecurity incident involving the unauthorized access to Leonard's Express's system that was the subject of notices provided by Defendant on or around June 17, 2024 (the "Incident").

Defendant denies these claims and any wrongdoing. No court or other judicial entity has made any judgment or other determination of any wrongdoing by any Defendant.

## 3. Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." Because this is a class action settlement, even persons who did not file their own lawsuit can obtain benefits provided under the settlement, except for those individuals who exclude themselves from the settlement class by the deadline.

## 4. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement after arms-length settlement negotiations. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to members of the settlement class. The class representatives appointed to represent the class and the attorneys for the settlement class ("Class Counsel," see Question 13) believe that the settlement is in the best interests of the Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are a Settlement Class Member if you reside in the United States and were notified on or around June 17, 2024, via written notice, that your personal information may have been involved in the cybersecurity Incident.

If you are not sure whether you are included in the settlement, you may contact the Claims Administrator at 1-888-8888 or [address] with questions.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

The Settlement provides:

- Compensation for unreimbursed, out-of-pocket expenses;
- One year of credit monitoring (Question 7);
- Alternative cash payment (in lieu of reimbursement for out-of-pocket expenses and credit monitoring);
- Payment of costs of notifying Settlement Class Members and administering the Settlement;
- Payment of Attorneys' Fees, costs, expenses, and service awards as approved by the Court (Question 14).

**Settlement Benefit: Payment for Unreimbursed Out-of-Pocket Expenses**: Settlement Class Members that have documented out-of-pocket losses as a result of the cybersecurity Incident can make a claim for reimbursement for up to $650.00. Out-of-Pocket Expenses that are eligible for reimbursement include the following: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) professional fees (e.g. attorneys, credit repair professionals, IT professionals); (vii) gasoline for local travel; and/or (viii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between November 30, 2023 and the Notice Date.

To claim reimbursement for Out-of-Pocket Expenses, you must submit documentation supporting this claim, including, but not limited to credit card statements, bank statements, invoices, telephone records, and receipts.

**Settlement Benefit: Credit Monitoring**: You can submit a claim for one year of credit monitoring protection services.

**Settlement Benefit: Alternative Cash Payment**: You may submit a claim for a one-time cash payment of $29. This alternative cash payment may *not* be combined with a request for Out-of-Pocket Expenses or Credit Monitoring.

**Aggregate Cap**: Regardless of the above benefits, total payments for Documented Out-of-Pocket Expenses and Alternative Cash Payment shall not exceed $325,000 in the aggregate. To the extent valid claims for Documented Out-of-Pocket Expenses and Alternative Cash Payments exceeds $325,000 collectively, those claims will be reduced on a pro rata basis.

* * *

The Claims Administrator will decide if your claim is valid. Only valid claims will be paid/approved. The deadline to file a claim for Out-of-Pocket Expenses, and/or Credit Monitoring is **[CLAIMS DEADLINE]**. **The amount of your claim may be reduced or increased depending on the total amount of claims. *See* Question 8.**

### 7. How will the Settlement help me protect against future fraud?

Settlement Class Members can submit a claim for one year of credit monitoring protection.

The deadline to file a claim for Credit Monitoring is **[CLAIMS DEADLINE]**. If you submit a valid claim form and elect to enroll in Credit Monitoring, you will receive enrollment instructions by email after the settlement is final.

## HOW DO YOU RECEIVE A BENEFIT?

### 8. How do I file a claim for Credit Monitoring, Out-of-Pocket Expenses, or Lost Time?

To file a claim for credit monitoring or Out-of-Pocket Expenses, you will either need to file a claim form with your Unique Class Member ID, which can be found on the post-card notice you received or by contacting the Claims Administrator. **The easiest way to submit a claim form is online, by filling out the form at [[WEBSITE]]**. You can also download a paper claim form and return a completed claim form by mail addressed to:

INSERT

The deadline to file a claim is **[CLAIMS DEADLINE]** (this is the last day to file online and the postmark deadline for mailed claims).

### 9. How will claims be decided?

The Claims Administrator will decide whether the information provided on each Claim Form is complete and valid. The Claims Administrator may require additional information. If you do not provide the additional information in a timely manner the claim will be considered invalid and will not be paid.

Approved Claims are those submitted in a timely manner and found to be valid by and in an amount approved by the Claims Administrator.

### 10. When will I get my payment?

The Court will hold a hearing on **[FINAL APPROVAL DATE]** to decide whether to approve the Settlement Agreement. The hearing may be remote or in-person so check the website for details. If the Court approves the Settlement Agreement, there may still be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

## LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT

### 11. What am I giving up as part of the Settlement?

If you make a claim under the Settlement, or if you do nothing, you will be releasing all of your claims relating to the cybersecurity Incident against Defendant and any Released Parties when the Settlement becomes final. By releasing your legal claims, you are giving up the right to file, or to continue to pursue, separate legal claims against or seek further compensation from Defendant or any Released Parties for any harm related to the cybersecurity Incident or the claims alleged in the lawsuits—whether or not you are currently aware of those claims.

Unless you exclude yourself from the Settlement (see Question 15), all of the decisions by the Court will bind you. That means you will be bound to the terms of the Settlement and accompanying court orders, and cannot bring a lawsuit or be part of another lawsuit against Defendant or any Released Parties regarding the cybersecurity Incident.

Paragraph 6 of the Settlement Agreement defines the claims and parties that will be released by Settlement Class Members who do not exclude themselves from the Settlement. You can access the Settlement Agreement and read the specific details of the legal claims being released at [[WEBSITE]].

If you have any questions, you can contact the Claims Administrator (*see* Question 17).

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

Yes. The Court appointed Christina M. Gullo of The Kantor Gullo Law Firm, PLLC and Jarrett L. Ellzey of Ellzey Kherkher Sanford Montgomery, LLP as Interim Co-Lead Class Counsel. You will not be charged by these lawyers for their work on this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Class Counsel has undertaken this case on a contingency-fee basis, meaning they have paid for all of the expenses in the case and have not been paid any money in relation to their work on this case. Accordingly, Class Counsel will ask the Court to award them Attorneys' Fees, costs, and expenses. The Court will decide the amount of fees and costs and expenses to be paid. You will not have to separately pay any portion of these fees yourself. Class Counsels' request for Attorneys' Fees and Costs (which must be approved by the Court) will be filed by **[DATE]** and will be available to view on the Settlement website at [[WEBSITE]].

### 14. Will the Settlement Class Representatives receive additional money?

Subject to Court approval, Class Counsel will file a motion for approval of a service award in the amount of $3,000 to the named Plaintiff.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I exclude myself from the Settlement?

If you are a member of the Settlement Class, you may exclude yourself from the Settlement (also known as "opting out"). If you exclude yourself, you will lose any right to participate in the Settlement, including any right to receive the benefits outlined in this notice.

If you decide on this option, you may keep any rights you have, if any, against Defendant, and you may file your own lawsuit against Defendant based upon the same legal claims that are asserted in this lawsuit, but you will need to find your own attorney at your own cost to represent you in that lawsuit. If you are considering this option, you may want to consult an attorney to determine your options.

**IMPORTANT:** You will be bound by the terms of the Settlement Agreement unless you submit a timely and signed written request to be excluded from the Settlement. To exclude yourself from the Settlement you must do so online at [WEBSITE] by **[DATE]** or mail a "request for exclusion," postmarked no later than **[DATE]**, to:

**INSERT**

The statement must contain the following information:

(i) Identify the case name of the Action;
(ii) Identify the name and address of the individual seeking exclusion from the Settlement;
(iii) Be personally signed by the individual seeking exclusion (or his/her parent or legal guardian, if a minor child);

(iv) Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and
(v) Request exclusion only for that one individual whose personal signature appears on the request (or, in the case of a minor, the personal signature of the minor's parent or legal guardian appears on the request).

**If you do not comply with these procedures and the deadline for exclusions, you will lose any opportunity to exclude yourself from the Settlement, and your rights will be determined in this lawsuit by the Settlement Agreement if it is approved by the Court.**

## OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I like or do not like the Settlement Agreement?

If you are a Settlement Class Member, you have the right to tell the Court what you think of the Settlement. You can object to the Settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as it is.

To object, you must send a written objection stating that you object to the Settlement. Your objection must include:

(i) The case name and number of the Action;
(ii) The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;
(iii) A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
(iv) A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;
(v) A statement of the specific grounds for the objection; and
(vi) A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

To be considered by the Court, your written objection must be filed electronically with the Court by [**DATE**] or mailed, postmarked no later than [**DATE**], to the following addresses:

| COURT | DEFENDANT'S COUNSEL | LEAD CLASS COUNSEL |
|---|---|---|
| U.S. District Court<br>Western District of New York<br>Robert H. Jackson United States Courthouse<br>2 Niagara Square<br>Buffalo, NY 14202 | **BAKER & HOSTETLER LLP**<br><br>Eric R. Fish<br>45 Rockefeller Plaza<br>New York, NY 10111 | **THE KANTOR GULLO LAW FIRM, PLLC**<br><br>Christina M. Gullo<br>348 Harris Hill Road, Ste. A<br>Williamsville, NY 14221<br><br>**EKSM LLP**<br><br>Jarrett L. Ellzey<br>1105 Milford Street<br>Houston, TX 77006 |

**If you do not comply with these procedures and the deadline for objections, you may lose any opportunity to have your objection considered at the Final Approval Hearing or otherwise to contest the approval of the settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement. You will still be eligible to receive settlement benefits if the settlement becomes final even if you object to the settlement.**

The Court has scheduled a Final Approval Hearing to listen to and consider any concerns or objections from Settlement Class Members regarding the fairness, adequacy, and reasonableness of the terms of the Settlement Agreement. That hearing is currently scheduled to take place on **[DATE and TIME]** before the Honorable John L. Sinatra, Jr. either at the United States District Court for the Western District of New York located at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202 or via a remote location. This hearing date, time, and location may be moved. Please refer to the Settlement website (WEBSITE) for notice of any changes.

## GETTING MORE INFORMATION

### 17. How do I get more information?

If you have questions about this notice or the Settlement, you may go to the Settlement website at [WEBSITE] or call [PHONE]. You can also contact the Claims Administrator by mailing a letter to the Claims Administrator, [INSERT ADDRESS], for more information or to request that a copy of this document be sent to you in the mail. If you wish to communicate directly with Class Counsel, you may contact them. You may also seek advice and guidance from your own private lawyer at your own expense if you wish to do so.

This notice is only a summary of the lawsuit and the Settlement. Other related documents can be accessed through the Settlement website. If you have questions about the proposed settlement or wish to receive a copy of the Settlement Agreement but do not have access to the Internet to download a copy online, you may contact the Claims Administrator. The Court cannot respond to any questions regarding this notice, the lawsuit, or the proposed settlement.

***Please do not contact the Court, its Clerks, or Defendant.***

# EXHIBIT C

**CLAIM FORM FOR INCIDENT BENEFITS**

*Blankenship v. Leonard's Express, Inc.*
Case No. 1:24-cv-00618-JLS (W.D.N.Y)

COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN **[DUE DATE]** AT **[WEBSITE]** OR FILE BY MAIL POSTMARKED BY **[due date].**

*You **must** use this form to make a claim for out of pocket loss payments and free credit monitoring.*

Questions? Call 1-888-8888 or visit the website, [**WEBSITE**]

.

**CLASS MEMBER INFORMATION**

Full Name: ______________________________________________________________________

Parent or Legal Guardian Full Name (if submitting on behalf of a minor child): ______________________________

Mailing Address: __________________________________________________________________

City: _________________________ State: __________ ZIP: _____________

Telephone Number: ____________________________________________________________

Email Address: ______________________________________________________________
(This field is required to receive credit monitoring. If provided, we will also communicate with you about your claim primarily by email.)

Unique Claim Form Identifier: _____________________

*If you received a notice of this Settlement by U.S. mail, your Unique Claim Form Identifier is on the envelope or postcard. If you misplaced your notice, please contact the Claims Administrator at* 1-888-8888 or [ADDRESS]. *If you do not include either a Unique Claim Form Identifier your claim will be denied.*

**SETTLEMENT OVERVIEW**

Compensation for Out-of-Pocket Expenses: If you have incurred actual, unreimbursed expenses as a result of the cybersecurity Incident, you can make a claim for reimbursement for up to $650.00. Out-of-Pocket Expenses include: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) professional fees (e.g. attorneys, credit repair professionals, IT professionals); (vii) gasoline for local travel; and/or (viii) credit monitoring or other identity theft monitoring purchased by Settlement Class Members between November 30, 2023 and the Notice Date. You must include documentation to support that the out-of-pocket expenses were the result of the cybersecurity Incident.

Credit Monitoring: With this Settlement, you can submit a claim for one year of credit monitoring protection services.

Alternative Cash Payment: In lieu of submitting a claim for out-of-pocket losses, Settlement Class members may submit a claim for a one-time cash payment of $29. This alternative cash payment may not be combined with a request for Credit Monitoring.

**ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE LOWER DEPENDING ON THE TOTAL AMOUNT OF APPROVED CLAIMS. TO THE EXTENT VALID CLAIMS FOR OUT-OF-POCKET EXPENSES AND ALTERNATIVE CASH PAYMENTS EXCEEDS $325,000 COLLECTIVELY, THOSE CLAIMS WILL BE REDUCED ON A PRO RATA BASIS.**

**Failure to provide all required information will result in your claim being rejected by the Claims Administrator.**

1. Were you sent a written notice that your information may have been involved in the cybersecurity Incident?
   Yes ☐ *(Proceed to Question 3)* No ☐ *(Proceed to Question 2)*

**CLAIM FOR CREDIT MONITORING**

3. Do you wish to receive one year of credit monitoring protection services? [Note you must provide a valid email address above to receive this benefit]
   Yes ☐ *(Please include your email on the first page and proceed to Question 4)*
   No ☐ *(Proceed to Question 4).*

**CLAIM FOR REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES**

4. Do you have documentation supporting that you experienced: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; (vi) professional fees (e.g. attorneys, credit repair professionals, IT professionals); (vii) gasoline for local travel; and/or (viii) credit monitoring or other identity theft monitoring charges incurred between November 30, 2023 and the Notice Date. You may submit a claim, with supporting documentation, for up to $650.00 in out-of-pocket expenses.

Yes ☐ (*Please complete the chart below and then proceed to Certification and Signature)* No ☐ (*You are not eligible to submit a claim for out-of-pocket expenses. Please proceed to Certification and Signature)*

| **Loss Type**<br>(Check all that apply) | **Date of Loss** | **Amount of Loss** | **Description of Supporting Documentation**<br>(Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Bank fees incurred as a result the cybersecurity Incident | | | *Example: Account statement with fees incurred as a result of the cybersecurity Incident highlighted.*<br>*The description of the fees in the documentation must be specific enough to enable the Claims Administrator to determine why the fees were incurred and you must explain why the fees were incurred as a result of the cybersecurity Incident.* |
| ☐ Long distance phone charges incurred as a result of the cybersecurity Incident | | | *Example: Phone bills with long distance telephone calls made as a result of the cybersecurity Incident, and corresponding charges, highlighted, along with an explanation of what the calls were for and why they were incurred as a result of the cybersecurity Incident.* |

| **Loss Type**<br>(Check all that apply) | **Date of Loss** | **Amount of Loss** | **Description of Supporting Documentation**<br>(Identify what you are attaching and why) |
|---|---|---|---|
| | | | *You must explain who the calls were made to and why they were made as a result of the cybersecurity Incident. You must also provide sufficient documentation to demonstrate the amount you were charged for the specific calls that you made as a result of the cybersecurity Incident.* |
| ☐ Cell phone charges (only if charged by the minute) incurred as a result of the cybersecurity Incident | | | *Example: Cell phone bill with calls made as a result of the cybersecurity Incident, and corresponding charges, highlighted, along with an explanation of what the calls were for and why they were incurred as a result of the cybersecurity Incident.*<br>*You must explain who the calls were made to and why they were made as a result of the cybersecurity Incident. You must also provide sufficient documentation to demonstrate the amount you were charged for the specific calls that you made as a result of the cybersecurity Incident.* |
| ☐ Data charges (only if charged based on the amount of data used) incurred as a result of the cybersecurity Incident | | | *Example: Cell phone bill with data charges incurred as a result of the cybersecurity Incident, and corresponding charges, highlighted, along with an explanation of what the data charges are for and why they were incurred as a result of the cybersecurity Incident.*<br>*You must explain what activities the data charges correspond to and why they were incurred as a result of the cybersecurity Incident. You must also provide sufficient documentation to demonstrate the amount you were charged for the specific activities that incurred data charges that you undertook as a result of the cybersecurity Incident.* |

| **Loss Type**<br>(Check all that apply) | **Date of Loss** | **Amount of Loss** | **Description of Supporting Documentation**<br>(Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Postage charges incurred as a result of the cybersecurity Incident | | | *Example: Receipts from the United States postal service or other shipping companies, along with an explanation of what you sent and why you sent it.*<br>*You must explain what you sent to incur the charges, to whom you sent it, and why you sent it as a result of the cybersecurity Incident.* |
| ☐ Professional fees | | | *Example: Bills for services provided by attorneys, credit repair professionals, and/or IT professionals as a result of the cybersecurity Incident highlighted.*<br>*The description of the fees in the documentation must be specific enough to enable the Claims Administrator to determine why the fees were incurred and you must explain why the fees were incurred as a result of the cybersecurity Incident.* |
| ☐ Gasoline charges for local travel incurred as a result of the cybersecurity Incident | | | *Example: Gasoline receipt for gasoline used driving to the police station to file a police report regarding the cybersecurity Incident.*<br>*You are only entitled to claim reimbursement for the gasoline you used as a result of the cybersecurity Incident, which may be less than a full tank. You must describe where you drove, the distance you traveled, why the travel was connected to the cybersecurity Incident, and the portion of any gasoline receipt that you attribute to the trips that you made as a result of the cybersecurity Incident.* |
| ☐ Credit monitoring or other mitigating costs (such as costs associated with accessing, freezing, or unfreezing credit reports with any credit reporting agency) that were incurred on or after November 30, 2023 through the date of submission of this Claim Form | | | *Example: Receipts or account statements reflecting charges incurred to view a credit report.* |

**CLAIM FOR ALTERNATIVE CASH PAYMENT**

3. Do you wish to receive an alternative cash payment of $29? [Note this benefit may not be combined with any other benefit, including either reimbursement for out-of-pocket losses or credit monitoring. Also note the cash payment may be reduced if the total number of valid claims submitted exceeds $325,000.]

Yes ☐ (*Please include your email on the first page and proceed to Question 4)*

No ☐ *(Proceed to Question 4).*

**CERTIFICATION AND SIGNATURE**

By submitting this Claim Form, I certify that I am a Settlement Class Member and am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments is true and correct. I do hereby swear (or affirm), under penalty of perjury, that the information provided above is true and accurate to the best of my knowledge and that any cash compensation or benefits I am claiming are based on losses or expenses I reasonably believe, to the best of my knowledge, were incurred as a result of the cybersecurity Incident.

I understand that this claim may be subject to audit, verification, and Court review and that the Claims Administrator may require supplementation of this Claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced, depending on the type of claim and the determinations of the Claims Administrator.

Name: ____________________________

Relationship to Settlement Class Member (if applicable): ____________________

Signature: ____________________________

Date: ____________________________

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER BLANKENSHIP, *on behalf of himself and all others similarly situated*,<br>Plaintiff,<br>v.<br>LEONARD'S EXPRESS, INC.<br>Defendant. | Case No. 1:24-cv-00618-JLS |

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Plaintiff, on behalf of himself and all others similarly situated, and Defendant have entered into a Settlement Agreement and Release, dated February 7, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears

to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement Agreement were negotiated and finalized. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CLASS CERTIFICATION**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows:

> All persons who were sent written notification by Leonard's Express that their Private Information was potentially compromised as a result of the Incident that occurred on or around November 30, 2023.

Excluded from the Class are: (i) Leonard's Express, the Related Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of thousands of individuals; there are questions of law or fact common to the Settlement Class; Plaintiff's claims are typical of those of Settlement Class Members; and Plaintiff will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of

Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Plaintiff Tyler Blankenship as the class representative for the Settlement Class. The Court provisionally finds that Plaintiff is similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that he will be an adequate class representative.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Jarrett L. Ellzey and Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP.

**NOTICE AND ADMINISTRATION**

10. Pursuant to the Settlement Agreement, the Parties have designated CPT Group as the Settlement Administrator. CPT Group shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. The Court finds that the proposed notice program set forth in the Settlement Agreement satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The notice program is reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the notice program and directs the Parties and the Settlement Administrator to proceed with providing

notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of the Claim Form and Short Notice.

**EXCLUSION AND OBJECTIONS**

14. Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, postmarked no later than ________________ (60 days after commencement of the notice program). The request for exclusion (or "Opt-Out") must be in writing and clearly manifest a Person's intent to be excluded from the Settlement Class. Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. All requests for exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by ___________________ (60 days after commencement of the notice program), it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member,

including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years..

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the notice program and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

**FINAL APPROVAL HEARING**

18. The Court will hold a Final Approval Hearing on ________________ at ________ in United States District Court, Western District of New York, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, or as otherwise ordered.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of Plaintiff as class representative should be made final; (e) Class Counsel's motion

for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Plaintiff should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED.**

Dated: ____________________ ________________________________________

Hon. John L. Sinatra, Jr.

UNITED STATES DISTRICT JUDGE

**SETTLLEMENT TIMELINE**

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Notice Program Begins (Email Notice and Postcard Notice Sent) | 45 days after Preliminary Approval Order (subject to receipt of necessary information to pay Settlement Administrator and provision of Class Member Information per ¶ 3.2 of the Settlement Agreement) |
| Notice Program Complete | 60 days after Preliminary Approval Order |
| Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards | 45 days before original Final Approval Hearing date |
| Opt-Out Deadline | 60 days after commencement of the Notice Program |
| Objection Deadline | 60 days after commencement of the Notice Program |
| Deadline to Respond to Objections | 15 days before original Final Approval Hearing date |
| **Final Approval Hearing** | , 2025, at am/pm. |

# EXHIBIT E

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER BLANKENSHIP, *on behalf of himself and all others similarly situated*,<br>Plaintiff,<br>v.<br>LEONARD'S EXPRESS, INC.<br>Defendant. | Case No. 1:24-cv-00618-JLS |

**[PROPOSED] ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. ____). The Court has reviewed the Motion, the supporting facts and authorities, and the Settlement Agreement (ECF No. ___) entered by Plaintiff and Defendant Leonard's Express, Inc. ("Defendant" or "Leonard's Express"), and it finds that the Motion should be **GRANTED.** Therefore:

1. The Court, for the purposes of this Final Judgment adopts the defined terms as described in the Settlement Agreement for any term not otherwise defined herein.

2. The Court certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

3. The Court finds that the Settlement Agreement is fair, reasonable, adequate, and was entered into in good faith and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4. The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Persons.

5. The Court reserves jurisdiction over this action and the Settlement Agreement.

6. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7. The Court dismisses this action with prejudice against Defendant in this case, without costs and fees except as explicitly provided for in the Agreement.

8. The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. ___) that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Agreement.

9. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published, and distributed pursuant to the notice plan and the Preliminary Approval Order has been filed with the Court. The Court finds that the distribution of the notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

10. The Court finds Defendant has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

11. The Court finds that the Plaintiff is similarly situated to absent Settlement Class Members and is typical of the Settlement Class and is an adequate class representative, and that Class Counsel and the class representative have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Class Counsel and Plaintiff as class

representative as provided in the Preliminary Approval Order, appointing the following firms and individuals as Settlement Class Counsel: Jarrett Ellzey and Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP. The Court also appoints Plaintiff Tyler Blankenship as class representative.

12. The Court certifies the following Class under Fed. R. Civ. P. 23(a) and 23(b)(3): All persons who were sent written notification by Leonard's Express that their Private Information was potentially compromised as a result of the Incident that occurred on or around November 30, 2023 and who do not timely elect to be excluded from the Settlement Class.

13. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of Plaintiff are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as Plaintiff has no interests antagonistic to or conflicting with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other available methods for a fair and efficient resolution of this controversy.

14. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Settlement Agreement; having considered Plaintiff's and Settlement Class Members' likelihood of success both in maintaining this action as a class action and prevailing on

the claims in a data-breach trial, including the possibility that Defendant could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery—and that of the Settlement Class—and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiff and Class Counsel have adequately represented the Class;

b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Defendant;

c. the outcome of the Litigation is in doubt;

d. it is possible that the Settlement Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Settlement Class could receive less—including the possibility of receiving nothing—and/or that Defendant could defeat certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiff and Settlement Class Counsel determining that it is in the best interest of the Settlement Class Members;

g. the aggregate consideration for the Class is commensurate with the claims asserted and that will be released as part of the Settlement, and

h. the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to one another and fall well within the range of settlement terms

that would be considered a fair, reasonable, and adequate resolution to this Litigation.

Accordingly, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Settlement Class Members.

15. Pursuant to the Settlement Agreement and the Plaintiff's Motion for Attorney Fees, Expenses, and Service Awards (ECF No. ___), Class Counsel attorneys' fees totaling $________________________; Class Counsel's costs and expenses up to $________________________; and a service award to Plaintiff in the amount of $________________________.

16. Plaintiff and Settlement Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Persons. Further, upon the Effective Date in the Settlement Agreement, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Settlement Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Settlement Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**IT IS SO ORDERED.**

Dated: ____________________

______________________________________
Hon. John L. Sinatra, Jr.

UNITED STATES DISTRICT JUDGE