

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYLER BLANKENSHIP, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

LEONARD'S EXPRESS, INC.

Defendant.

Case No. 24-cv-618 (JLS)

### ORDER GRANTING
### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Plaintiff, on behalf of himself and all others similarly situated, and Defendant have entered into a Settlement Agreement and Release, dated February 3, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

### PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears

to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement Agreement were negotiated and finalized. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CLASS CERTIFICATION

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows:

> All persons who were sent written notification by Leonard's Express that their Private Information was potentially compromised as a result of the Incident that occurred on or around November 30, 2023.

Excluded from the Class are: (i) Leonard's Express, the Related Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Incident or who pleads *nolo contendere* to any such charge.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of thousands of individuals; there are questions of law or fact common to the Settlement Class; Plaintiff's claims are typical of those of Settlement Class Members; and Plaintiff will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of

Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Plaintiff Tyler Blankenship as the class representative for the Settlement Class. The Court provisionally finds that Plaintiff is similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that he will be an adequate class representative.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Jarrett L. Ellzey and Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP.

## NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated CPT Group as the Settlement Administrator. CPT Group shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. The Court finds that the proposed notice program set forth in the Settlement Agreement satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The notice program is reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The Court, therefore, approves the notice program and directs the Parties and the Settlement Administrator to proceed with providing

notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of the Claim Form and Short Notice.

## EXCLUSION AND OBJECTIONS

14. Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, postmarked no later than **June 3, 2025** (60 days after commencement of the notice program). The request for exclusion (or "Opt-Out") must be in writing and clearly manifest a Person's intent to be excluded from the Settlement Class. Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. All requests for exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by **June 3, 2025** (60 days after commencement of the notice program), it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member,

4

including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the notice program and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18. The Court will hold a Final Approval Hearing on **July 10, 2025, at 10:00 a.m.**, in United States District Court, Western District of New York, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, or as otherwise ordered.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of Plaintiff as class representative should be made final; (e) Class Counsel's motion

for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Plaintiff should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

IT IS SO ORDERED.

Dated: February 19, 2025

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

## SETTLLEMENT TIMELINE

| | |
|---|---|
| **Grant of Preliminary Approval** | February 19, 2025 |
| Notice Program Begins (Email Notice and Postcard Notice Sent) | 45 days after Preliminary Approval Order (subject to receipt of necessary information to pay Settlement Administrator and provision of Class Member Information per ¶ 3.2 of the Settlement Agreement): April 4, 2025 |
| Notice Program Complete | 60 days after Preliminary Approval Order  April 21, 2025 |
| Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards | 45 days before original Final Approval Hearing date  May 27, 2025 |
| Opt-Out Deadline | 60 days after commencement of the Notice Program  June 3, 2025 |
| Objection Deadline | 60 days after commencement of the Notice Program  June 3, 2025 |
| Deadline to Respond to Objections | 15 days before original Final Approval Hearing date  June 25, 2025 |
| **Final Approval Hearing** | July 10, 2025, at 10:00 a.m. |

7