# EXHIBIT D

# PROPOSED ORDER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYLER BLANKENSHIP, *on behalf of himself and on behalf of all others similarly situated*,<br><br>　Plaintiff,<br><br>vs.<br><br>LEONARD'S EXPRESS, INC.,<br><br>　Defendant. | CIVIL ACTION NO. 1:24-cv-00618-JLS |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPLICATION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD TO PLAINTIFF**

AND NOW, on this ____ day of _____, 2025, before the Court is Plaintiff and Class Representative Tyler Blankenship's Unopposed Motion for Final Approval of Class Settlement, and Application for Attorneys' Fees, Costs and Service Award to Plaintiff. Having considered the Motion and supporting papers, it is hereby ORDERED that the Unopposed Motion is GRANTED.

The Court hereby finds that the Class Representative and Class Counsel adequately represented the class and the settlement was negotiated at arm's length through the facilitation of a District-recommended mediator. The Court affirms the appointment of Plaintiff Tyler Blankenship as Class Representative and Jarrett L. Ellzey and Leigh Montgomery as Class Counsel.

Further, the Court affirms its finding from preliminary approval that the settlement fund of $325,000.00, to be distributed pursuant to the terms of the Settlement Agreement (ECF No. 30-1), is a fair and adequate settlement and in excess of many class-action settlements in data breach

cases. Considering the risks and delays associated with continued litigation, the Court accepts the Class Representative and Class Counsel's conclusion settlement is superior to further litigation. Additionally, the Court accepts that the settlement was an informed decision, weighing the strengths and weaknesses of the case and taking into consideration informal discovery conducted. Finally, with no objections and only two requests for exclusion by class members, and Notice having been delivered to over 90.21% of members, the Court accepts that the Class viewed the settlement favorably and the Notice met due process requirements.

Therefore, having found the factors set forth in FED. R. CIV. P. 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), are satisfied, final approval of the class settlement is hereby GRANTED. It is further Ordered that final judgment is entered against Leonard's Express, Inc., in favor of Plaintiff Tyler Blankenship and the Certified Class in the amount of a $325,000.00 settlement fund, consistent with the terms of the Settlement Agreement.

In addition, the Court hereby approves of payment of the following to be paid by Defendant Leonard's Express, Inc., in addition to the $325,000.00 judgment as follows:

(1) Distribution of Class Counsel's reasonable attorneys' fees in the amount of $108,225.00, which is equal to 33.3% of the $325,000.00 Settlement Fund, and includes $837.22 in reasonable litigation costs.

(2) Payment to the Class Administrator for Costs of Claims Administration, including the administration of the settlement and Notice Plan, in the amount of $25,500.00; and

(3) Payment to Plaintiff Tyler Blankenship as a representative incentive award in the amount of $3,000.00 for his service to the Class.

All objections to the settlement are overruled. This case is dismissed with prejudice, and

this Court reserved jurisdiction over Settlement implementation.

IT IS SO ORDERED.