# EXHIBIT E

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYLER BLANKENSHIP, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD'S EXPRESS, INC.<br><br>Defendant. | Case No. 1:24-cv-00618-JLS |

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. ____). The Court has reviewed the Motion, the supporting facts and authorities, and the Settlement Agreement (ECF No. ___) entered by Plaintiff and Defendant Leonard's Express, Inc. ("Defendant" or "Leonard's Express"), and it finds that the Motion should be **GRANTED.** Therefore:

1. The Court, for the purposes of this Final Judgment adopts the defined terms as described in the Settlement Agreement for any term not otherwise defined herein.

2. The Court certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

3. The Court finds that the Settlement Agreement is fair, reasonable, adequate, and was entered into in good faith and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4. The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Persons.

5. The Court reserves jurisdiction over this action and the Settlement Agreement.

6. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7. The Court dismisses this action with prejudice against Defendant in this case, without costs and fees except as explicitly provided for in the Agreement.

8. The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. ___) that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Agreement.

9. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published, and distributed pursuant to the notice plan and the Preliminary Approval Order has been filed with the Court. The Court finds that the distribution of the notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

10. The Court finds Defendant has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

11. The Court finds that the Plaintiff is similarly situated to absent Settlement Class Members and is typical of the Settlement Class and is an adequate class representative, and that Class Counsel and the class representative have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Class Counsel and Plaintiff as class

representative as provided in the Preliminary Approval Order, appointing the following firms and individuals as Settlement Class Counsel: Jarrett Ellzey and Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP. The Court also appoints Plaintiff Tyler Blankenship as class representative.

12. The Court certifies the following Class under Fed. R. Civ. P. 23(a) and 23(b)(3): All persons who were sent written notification by Leonard's Express that their Private Information was potentially compromised as a result of the Incident that occurred on or around November 30, 2023 and who do not timely elect to be excluded from the Settlement Class.

13. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of Plaintiff are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as Plaintiff has no interests antagonistic to or conflicting with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other available methods for a fair and efficient resolution of this controversy.

14. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Settlement Agreement; having considered Plaintiff's and Settlement Class Members' likelihood of success both in maintaining this action as a class action and prevailing on

the claims in a data-breach trial, including the possibility that Defendant could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery—and that of the Settlement Class—and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiff and Class Counsel have adequately represented the Class;

b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Defendant;

c. the outcome of the Litigation is in doubt;

d. it is possible that the Settlement Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Settlement Class could receive less—including the possibility of receiving nothing—and/or that Defendant could defeat certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiff and Settlement Class Counsel determining that it is in the best interest of the Settlement Class Members;

g. the aggregate consideration for the Class is commensurate with the claims asserted and that will be released as part of the Settlement, and

h. the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to one another and fall well within the range of settlement terms

that would be considered a fair, reasonable, and adequate resolution to this Litigation.

Accordingly, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Settlement Class Members.

15. Pursuant to the Settlement Agreement and the Plaintiff's Motion for Attorney Fees, Expenses, and Service Awards (ECF No. ___), Class Counsel attorneys' fees totaling $_____; Class Counsel's costs and expenses up to $_____; and a service award to Plaintiff in the amount of $_____.

16. Plaintiff and Settlement Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Persons. Further, upon the Effective Date in the Settlement Agreement, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Settlement Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Settlement Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**IT IS SO ORDERED.**

Dated: _____    _____
                                                                                  Hon. John L. Sinatra, Jr.

                                                            UNITED STATES DISTRICT JUDGE